# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **ROBERT L. ARMSTRONG, JR.,** | ) | |
| **No. 462738,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:15-cv-00103** |
| | ) | **Chief Judge Sharp** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## M E M O R A N D U M

The petitioner, Robert L. Armstrong, Jr., has filed a *pro se, in forma pauperis* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. (Docket No. 1). The petitioner is an inmate of the Maury County Jail in Columbia, Tennessee. He is serving a term of imprisonment of 45 years imposed by the Circuit Court for Maury County for a number of driving and drug related offenses.

## I.     INTRODUCTION AND BACKGROUND

On August 8, 2014, the petitioner pled guilty in Maury County Circuit Court to ten offenses under five indictments. In *State of Tennessee v. Robert Armstrong, Jr.*, Case No. 22715, he pled guilty to one count of evading arrest, for which he agreed to serve two years in prison (Docket No. 13-2, Page ID# 173), and one count of driving on a suspended license, for which he agreed to serve six months concurrently with his sentence for evading arrest (Docket No. 13-2, Page ID# 175). In *State of Tennessee v. Robert Armstrong Jr.*, Case No. 22963, the petitioner pled guilty to two counts of sale of more than half a gram of cocaine and two counts of sale of less than half a gram of cocaine. (Docket No. 13-4, Page ID# 295-98). He agreed to serve twelve years for each sale involving more than half a gram, five years for one of the sales of less than half a gram, and six years for the remaining sale of less than half a gram. (*Id.*) He further agreed that each sentence was

to run consecutively, for a total effective sentence in Case No. 22963 of thirty-five years. (*Id.*) In *State of Tennessee v. Robert Armstrong, Jr.*, Case No. 23214, the petitioner pled guilty to one count of possession of more than half a gram of cocaine for resale and agreed to serve eight years in prison. (Docket No. 13-5, Page ID# 346). He also pled guilty to one count of misdemeanor possession of marijuana and agreed to serve eleven months and twenty-nine days concurrently with all the other sentences. (Docket No. 13-5, Page ID# 347). In *State of Tennessee v. Robert Armstrong, Jr.*, Case No. 22714, and *State of Tennessee v. Robert Armstrong, Jr.*, Case No. 22716, the petitioner pled guilty to driving on a suspended license and agreed to a sentence of eleven months and twenty-nine days to serve in custody. (Docket No. 13-1, Page ID# 106; Docket No. 13-3, Page ID# 246). He agreed to serve the sentences in Case Nos. 22715, 22963, and 23214 consecutively to each other for a total effective sentence of 45 years' incarceration, to be served as a Range I offender with a 30% release eligibility date. (Docket No. 13-5, Page ID# 346). The petitioner did not appeal his convictions or sentence.

The petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court for Maury County on February 23, 2015, in all five cases. (Docket No. 13-1, Page ID# 110). He alleged, by placing a check mark next to items on a form list, the following grounds for relief: "[c]onviction was based on unlawfully induced guilty plea or guilty plea involuntarily entered without understanding of the nature and consequences of the plea," "[c]onviction was based on use of evidence obtained pursuant to an unlawful arrest," "[c]onviction was based on the unconstitutional failure of the prosecution to disclose to defendant evidence favorable to defendant," "[c]onviction was based on action of a grand or petit jury that was unconstitutionally selected and impaneled," "[d]enial of ineffective assistance of counsel," and "[o]ther grounds." (Docket No. 13-1, Page ID# 114-15). In

an order filed February 24, 2015, the post-conviction court directed the petitioner to comply with Tennessee Code Annotated § 40-30-106(d), which requires a petition for post-conviction relief to include a statement of the factual basis for the petition. (Docket No. 13-1, Page ID# 118). The court ordered the petitioner to "file under oath an amendment to the petition stating a factual basis for the grounds alleged and explaining in detail how the petitioner was prejudiced by the alleged violations" within fifteen days. (*Id.*) Although the petitioner subsequently mailed a personal letter to the post-conviction judge (Docket No. 13-1, Page ID# 120), he did not comply with the order. On March 16, 2015, the post-conviction court dismissed the petition for post-conviction relief, finding that, without the required amendment stating the factual basis for the claims, the petition did not state a colorable claim for relief. (Docket No. 13-1, Page ID# 123). The petitioner did not appeal to the Tennessee Court of Criminal Appeals.

On October 30, 2015, the court received the instant petition for writ of *habeas corpus* under 28 U.S.C. § 2254.[1] (Docket No. 1). In his petition, the petitioner asserts three grounds for relief. He names the State of Tennessee as the Respondent.

The state officer in charge of the petitioner's detention is Commissioner of the Tennessee Department of Correction Derrick Schofield. Because the State of Tennessee is not a proper party to this civil action, the Clerk will be directed to remove the State of Tennessee as the respondent to this action and replace the State of Tennessee with Derrick Schofield. Rule 2 – Rules Governing § 2254 Cases.

Upon its receipt, the court conducted a preliminary examination of the petition and determined that the petitioner had stated a colorable claim for relief. Accordingly, the court entered

---

[1] The date on which the petitioner *filed* his petition will be discussed in more detail herein.

an order on November 9, 2015, directing the respondent to answer or otherwise respond to the petition (Docket No. 3), the time for which was subsequently extended by the court (Docket No. 9). The respondent has now filed a response in which it urges the court to deny the petition and dismiss the action.  (Docket No. 14).

Upon consideration of the record, the court concludes that an evidentiary hearing is not needed.  *See Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is not entitled to relief).  Therefore, the court shall dispose of the petition as the law and justice requires.  Rule 8(a), Rules — § 2254 Cases.

Jurisdiction and venue in this court are appropriate under 28 U.S.C. § 2241(d) because the petitioner was convicted in the Circuit Court for Maury County, Tennessee.

## II.     SUMMARY OF THE EVIDENCE

The facts that are relevant to the court's disposition of the petition are set forth in the Introduction and Background section herein.  (*See* pages 1-3).

## III.    STANDARD OF REVIEW

The petition in this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). As the Supreme Court explained, the AEDPA "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Burt v. Titlow*, 571 U.S. ——, 134 S. Ct. 10, 15, 187 L.Ed.2d 348 (2013).  The

AEDPA, therefore, "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Id.*

One of the AEDPA's most significant limitations on the federal courts' authority to issue writs of *habeas corpus* is found in 28 U.S .C. § 2254(d). Under the AEDPA, the court may grant a writ of *habeas corpus* on a claim that was adjudicated on the merits in state court if that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The state court's factual findings are presumed to be correct and they can be contravened only if the petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous. 28 U.S.C. § 2254(e)(1). The petitioner is entitled to an evidentiary hearing if he alleges sufficient grounds for issuance of the writ, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing. *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002). As the Supreme Court has advised, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S. Ct. 1933, 167 L.Ed.2d 836, (2007) (citing *Williams*, 529 U.S. at 410). The Supreme Court has held that review under § 2254(d) (1) "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1398, 179

L.Ed.2d 557 (2011).

Further, "[b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (citation omitted). Claims which are not exhausted are procedurally defaulted and "ordinarily may not be considered by a federal court on habeas review." *Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002).

"In order to gain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate cause and prejudice for the failure, or that a miscarriage of justice will result from the lack of review." *Alley,* 307 F.3d at 386. A petitioner can establish cause in two ways. First, a petitioner may "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Objective impediments include an unavailable claim or interference by officials that made compliance impracticable. *Id*. Second, constitutionally ineffective assistance of trial or appellate counsel may constitute cause. *Murray*, 477 U.S. at 488–89. Generally, however, if a petitioner asserts ineffective assistance of counsel as cause for a default, that ineffective-assistance claim must itself have been presented to the state courts as an independent claim before it may be used to establish cause. *Id.* If the ineffective-assistance claim is not presented to the state courts in the manner that state law requires, that claim is itself procedurally defaulted and can only be used as cause for the underlying

defaulted claim if the petitioner demonstrates cause and prejudice with respect to the ineffective-assistance claim. *Edwards v. Carpenter*, 529 U.S. 446, 452–53, 120 S. Ct. 1587, 146 L.Ed.2d 518 (2000).

Until recently, a prisoner could not demonstrate cause for default by claiming that he received ineffective assistance of counsel during state post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752–53, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1992) (holding that attorney error is not cause to excuse a default). The holding in *Coleman* was based on the premise that an individual does not have a constitutional right to counsel in post-conviction proceedings, so the prisoner "must bear the risk of attorney error that results in a procedural default." *Id.* (internal quotations omitted).

Recent changes in the law, however, have enabled petitioners in Tennessee to establish "cause" to excuse the procedural default of a substantial claim of ineffective assistance by demonstrating the ineffective assistance of post-conviction counsel in failing to raise the claim in initial-review post-conviction proceedings. *See Martinez v. Ryan*, 566 U.S. ——, 132 S. Ct. 1309, 1315, 1320, 182 L.Ed.2d 272 (2012) (creating an exception to *Coleman* where state law prohibits ineffective-assistance claims on direct appeal); *Trevino v. Thaler*, 569 U.S. ——, 133 S.C t. 1911, 1921, 185 L.Ed.2d 1044 (2013) (extending *Martinez* to states with procedural frameworks that make meaningful opportunity to raise ineffective-assistance claim on direct appeal unlikely); *Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. 2014) (holding that *Martinez* and *Trevino* apply in Tennessee).

The Supreme Court's creation in *Martinez* of a narrow exception to the procedural-default bar stemmed from its recognition, "as an equitable matter, that the initial-review collateral

proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Martinez*, 132 S. Ct. at 1318. In other words, *Martinez* requires that the ineffective assistance of post-conviction counsel occur during the "initial-review collateral proceeding," and that "the underlying ineffective-assistance-of-trial-counsel claim [be] a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See id.* at 1318–19, 1320. Importantly, *Martinez* did not dispense with the "actual prejudice" prong of the standard for overcoming procedural default first articulated by the Supreme Court in *Coleman*, 501 U.S. at 750.

To establish prejudice, a petitioner must demonstrate that the constitutional error "worked to his actual and substantial disadvantage." *Perkins v. LeCureux*, 58 F.3d 214, 219 (6th Cir. 1995) (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982) (emphasis in original)). "When a petitioner fails to establish cause to excuse a procedural default, a court does not need to address the issue of prejudice." *Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000) (citations omitted).

Because the cause-and-prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the Supreme Court has also recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S. Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Murray*, 477 U.S. at 496).

## IV.    CLAIMS OF THE PETITION

In his federal petition for writ of *habeas corpus*, Armstrong asserts the following the following grounds for relief:

Claim 1:   The petitioner received the ineffective assistance of trial counsel based on counsel's "fail[ure] to subject the prosecution's case to meaningful adversarial testing" and "fail[ure] to function . . . as the government's adversary" as required by the Sixth Amendment of the United States Constitution. (Docket No. 1, Page ID# 5-6).

Claim 2:   The petitioner received the ineffective assistance of trial counsel based on counsel's failure to adequately prepare a defense, interview potential witnesses, or meet with the petitioner as required by article I, section 9 of the Tennessee Constitution. (Docket No. 1, Page ID# 8).

Claim 3:   The petitioner received the ineffective assistance of trial counsel when counsel disregarded the petitioner's request to appeal the conviction in violation of the Sixth Amendment. (Docket No. 1, Page ID# 9).

## V.     ANALYSIS

The respondent first argues that the petition for writ of *habeas corpus* should be dismissed because the petitioner filed the petition outside the one-year statute of limitations established under 28 U.S.C. § 2244(d), and he has failed to allege facts sufficient to entitle him to equitable tolling of the limitations period.  Next, the respondent argues that the petitioner has procedurally defaulted the claims raised in the petition because he did not present them to the state courts and is procedurally barred from doing so at this time.  Finally, the respondent argues that the petitioner's second claim is based on the Tennessee Constitution and therefore is not cognizable on federal habeas review. (Docket No. 18 at p. 5).

### A.     Timeliness of petition

The Antiterrorism and Effective Death Penalty Act of 1996 provides a one-year statute of limitations for § 2254 habeas corpus petitions that runs from the latest of four dates:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, the petitioner does not assert that the State has prevented him from filing his federal habeas petition in a timely fashion and in violation of his constitutional rights. Thus, 28 U.S.C. § 2244(d)(1)(B) is inapplicable. Nor does the petitioner allege that his claims arise out of new constitutional rights to be applied retroactively; therefore, 28 U.S.C. § 2244(d)(1)(C) is inapplicable. The petitioner's claims do not fall under the new factual predicate test of 28 U.S.C. § 2244(d)(1)(D), so that sub-section, too, is inapplicable. Consequently, 28 U.S.C. § 2244(d)(1)(A) is the latest of the applicable measurements of the statute of limitations under 28 U.S.C. § 2244(d)(1).

The record before the court shows that the date on which the petitioner's judgment became

final by conclusion of direct review was September 8, 2014, thirty days after he pled guilty.[2]  The

statute of limitations period for filing the instant habeas petition ran for 168 days from September

9, 2014 until February 23, 2015, when the petitioner filed his petition for state post-conviction relief.

The post-conviction court denied the petitioner's state post-conviction petition on March 16, 2015,

and the petitioner did not file a timely notice of appeal.  Thus, after the post-conviction court's

denial of the petitioner's state post-conviction petition, the limitations period on his federal habeas

petition remained tolled only until the time expired for the petitioner to file a notice of appeal, which

was 30 days after March 16, 2015, or April 15, 2015.  *See* Tenn. Code Ann. § 40-30-116; Tenn. R.

App. 4(a).  The statute began to run the following day, April 16, 2015.

 The respondent contends that, because the court received Armstrong's federal habeas petition

on October 30, 2015, the petition was filed on the 366th day, one day past the 365 days allowed by

28 U.S.C. § 2244(d).  (Docket No. 18 at p. 6).

 Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth

Circuit's subsequent extension of that rule in *Richard v. Ray*, 290 F.3d 810, 812 (6th Cir. 2002) and

*Scott v. Evans,* 116 Fed. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed"

when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court.  Here,

the petitioner signed the instant petition on October 1, 2015.  (Docket No. 1 at p. 16).  He left blank

the section of his form petition for habeas corpus that would have indicated the date he placed the

---

[2]On August 9, 2014, the 30 day period began running within which the petitioner could file an appeal. Tenn. R. App. 4(a)(a notice of appeal must be filed within 30 days after the date of entry of the judgment appealed from); *see Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the court excludes the day of the event that triggers the period; thus, here, August 8, 2014, is excluded).  The 30 day period ended on September 7, 2014, but because that date was a Sunday, the court counts from the next business day.  *See Fed. R. Civ. P.* 6(a)(1)(c)(exception applies that, if the last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday).

petition in the prison mailing system (Docket No. 1 at p. 16) and did not otherwise include the information in the petition. The question before the court, then, is whether the prison mailbox rule applies to the instant set of facts.

The respondent contends that the petitioner did not comply with the mailbox rule because he did not complete the section of his form petition indicating the date he placed the petition in the prison mailing system. (Docket No. 18 at p. 7). In support of its position, the respondent cites a number of cases, most from jurisdictions outside the Sixth Circuit, finding that the mailbox rule did not apply to various sets of facts. (*Id.* at pp. 7-8). However, the court finds those cases to be distinguishable from the instant case. None of the cases cited by the respondent involve petitions brought under § 2254. Furthermore, the only case cited by the respondent from a governing court is not precisely on point. The Sixth Circuit's rejection of an inmate's reliance on the prison mailbox rule in *Duhon v. Kemper*, 19 Fed. App'x 353 (6th Cir. 2001), was primarily based on the fact that the inmate had raised his reliance on the mailbox rule for the first time on appeal. *Id.* at 355.

The respondent adamantly maintains that, according to the prison mailbox rule, the date of filing is when an inmate deposits the petition into the prison mailing system. It is undisputed that the court received the instant petition on October 30, 2015. Thus, if the petition was filed one day late as the respondent alleges, the petitioner had to give his petition to jail officials after the statute of limitations expired, on October 29, 2015. But the court received the petition on October 30, 2015. It is highly unlikely the court would have received the petition on October 30, 2015, if the petition was given to jail officials for mailing on October 29, 2015. In other words, it seems highly probable that the petitioner gave the petition to jail officials for mailing prior to October 29, 2015. Moreover, the court received the petition along with the petitioner's application to proceed *in forma pauperis*.

(Docket No. 2). The application, like the petition, is signed by the petitioner and dated October 1, 2015. (*Id.* at p. 2). More importantly, the application bears a signature and a notary stamp by the custodian of inmate trust fund accounts on that same date, October 1, 2015, further suggesting that the petitioner did not hold the petition in his cell after that date. (*Id.*)

The court therefore finds that the mailbox rule applies to this case and that the petition is deemed filed on October 1, 2015, the date the petitioner signed the petition and gave the petitioner to the jail officials for mailing. Therefore, as explained above, the petition was timely submitted to this court.

### B.    Procedural default

Next, the respondent contends that the petition should be dismissed because the petitioner failed to raise the claims in state court and they are now procedurally defaulted. (Docket No. 18 at p. 10).

A federal district court will not entertain a petition for writ of *habeas corpus* unless the petitioner has first exhausted all available state remedies for each claim in his petition. 28 U.S.C. § 2254(b). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal *habeas corpus* relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518-20 (1982); *Lyons v. Stovall,* 188 F.3d 327, 331 (6th Cir. 1999). The petitioner must offer the state courts both the factual and legal bases for his claims. *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004). In other words, the petitioner

must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006). The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal bases for his claim, *i.e.*, "fairly presented" that claim:

> (1) reliance upon federal cases employing constitutional analysis;
> (2) reliance upon state cases employing federal constitutional
> analysis; (3) phrasing the claim in terms of constitutional law or in
> terms sufficiently particular to allege a denial of a specific
> constitutional right; or (4) alleging facts well within the mainstream
> of constitutional law.

*Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005)(quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

Once a petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also Adams v. Holland*, 324 F.3d 838, 841-44 (6th Cir. 2003).

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he presents for federal habeas

review.  *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir.1987) (citation omitted).  Moreover, if a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim.  28 U.S.C. § 2254(c).  Ordinarily, habeas petitions containing unexhausted claims are dismissed without prejudice in order to permit the petitioner the opportunity to pursue them in state court. *Alley v. Bell*, 307 F.3d 380, 385 (6th Cir. 2002) (citing *Rose*, 455 U.S. at 518, 520–22); *see also Rhines v. Weber*, 544 U.S. 269, 275 (2005) (reconfirming the continued relevance of *Rose* under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")).

If, however, an unexhausted claim would be procedurally barred under state law, for instance by a statute of limitations or a state rule barring successive petitions, then the claim is deemed exhausted (because no further state review is available) but procedurally defaulted (because it was not presented to a state court for review), and may not be considered by the federal court on habeas review except under extraordinary circumstances.  *Alley v. Bell*, 307 F.3d 380, 385–86 (6th Cir. 2002) (citations omitted); *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000).  Specifically, in order to obtain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate both "cause" for the procedural default and actual prejudice resulting from the alleged constitutional errors or, alternatively, that failure to consider the claims will result in a "fundamental miscarriage of justice." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012), *cert. denied*, — U.S. —, 133 S. Ct. 311 (2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

A habeas petitioner cannot rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default.  *Lundgren v. Mitchell*, 440 F.3d 754, 764 (6th Cir. 2003).  Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced.  *Id.*  "'Cause' is a legitimate excuse for the default, and 'prejudice' is actual harm

resulting from the alleged constitutional violation." *Horne v. Bunting*, 2014 WL 7375469, at *13 (N.D. Ohio Dec. 20, 2014)(citation omitted).

Here, the petitioner did not properly raise any of his current claims in any state court. Although he filed a petition for post-conviction relief in the Circuit Court for Maury County (Docket No. 13-1, Page ID# 110), the petitioner failed to state a factual basis for any of the claims. (Docket No. 13-1, Page ID# 123). Even when this failure was pointed out to him by the state court judge, the petitioner did not remedy it. He also failed to present any of his claims to the Tennessee Court of Criminal Appeals. As a result, the petitioner did not present the legal and factual basis of each of his claims in state court; neither did he present those claims to the highest state court. *Adams*, 330 F.3d at 402; *Pillette*, 824 F.2d at 496. Therefore, the petitioner is now barred from presenting his claims to the state courts by the statute of limitations under Tennessee Code Annotated section 40-30-102(a) and the "one petition" limitation of Tennessee Code Annotated section 40-30-102(c). He is also barred from appealing the post-conviction court's denial of relief to the Tennessee Court of Criminal Appeals. Tenn. R. App. P. 4(a) (requiring notice of appeal to be filed within thirty days of the entry of the judgement appealed from). Thus, his claims are procedurally defaulted in this proceeding.

As cause for his procedural default, the petitioner asserts that he did not have the benefit of an attorney and that he suffers from an unspecified learning disability. (Docket No. 1, Page ID# 5, 8, 10). However, neither reason is sufficient to establish cause to excuse his procedural default. A petitioner's *pro se* status does not constitute cause. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (holding that a petitioner's *pro se* status in state court, ignorance of law, or mistaken understanding of law were insufficient to establish cause for default)(citing *Hannah*, 49 F.3d at

1197)).  Additionally, the petitioner's learning disability, even if he had described it and explained how it affected his failure to pursue his state court remedies, also is insufficient to excuse his default because it is not external to his defense.  *See id.* (holding that the petitioner's unfamiliarity with the English language was insufficient to establish cause because it was not "external to [his] defense.")(citing *Murray*, 477 U.S. at 488)).

The petitioner's "failure to establish cause eliminates the need to consider prejudice." *Id*. at 497 (citing *Murray*, 477 U.S. at 494-95)).  The petitioner has not asserted a fundamental miscarriage of justice based on actual innocence.  Because the petitioner's claims are procedurally defaulted and the petitioner cannot overcome the default, those claims are barred from view in this court and must be dismissed on that basis.  *Wogenstahl*, 668 F.3d at 321.

### C.    Second claim not cognizable on federal review

Finally, the respondent contends that claim two of Armstrong's petition should be dismissed because it is not cognizable on federal habeas review. (Docket No. 18 at p. 13).  Federal courts have jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship, 28 U.S.C. § 1332.  Claim two of the petition relies entirely on article I, section 9 of the Tennessee Constitution. (Docket No. 1, Page ID# 8).  As a result, it is not cognizable on federal habeas review.            Thus, the claim must be dismissed.


## IV.    CONCLUSION

For the reasons explained herein, the petition will be denied, and this action will be

dismissed.

An appropriate order will be entered.

Kevin H. Sharp
Chief United States District Judge